IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO PAREDES,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF NOVATO POLICE DEPARTMENT,<br>et al.,<br><br>    Defendants.                      / | No. C 07-04452 SBA (PR)<br><br>**ORDER VACATING ORDER GRANTING PRISONER *IN FORMA PAUPERIS* APPLICATION, AND DIRECTING PLAINTIFF TO PAY FILING FEE OR FILE NON-PRISONER *IN FORMA PAUPERIS* APPLICATION** |

     Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 while he was in custody at the Marin County Jail. He also filed an application to proceed in forma pauperis (IFP).

     In an Order dated May 5, 2008, the Court granted Plaintiff's prisoner application for IFP status. The Clerk of the Court was directed to send a copy of the May 5, 2008 Order to the trust account office at the Marin County Jail.

     On May 27, 2008, Plaintiff filed a notice of a change of address requesting the Clerk to forward all documents to 1068 Bel Marin Keys Blvd., Novato, California 94949, which the Court assumes is his home address because Plaintiff does not specify that he was transferred to another institution.

     On June 6, 2008, the Court's May 5, 2008 Order sent to the trust account office at the Marin County Jail was returned as undeliverable because Plaintiff was "no longer in custody."

     Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the

prisoner's account. See id. However, if a prisoner who seeks leave to proceed IFP is released from prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted. See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Plaintiff no longer is incarcerated, in order for the Court to assess whether he is entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). The Court will not rely upon any prior IFP application filed by Plaintiff while he was incarcerated to make the IFP determination in this action. Therefore, the Court's May 5, 2008 Order granting Plaintiff's prisoner IFP application (docket no. 8) is VACATED. Plaintiff shall either pay the $350.00 filing fee or file a new non-prisoner IFP application. If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed IFP, the Court will proceed to review the complaint under § 1915(e)(2).[1] If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

Accordingly, Plaintiff is hereby ORDERED to file a non-prisoner application to proceed IFP. Plaintiff shall answer all questions and shall include Plaintiff's name and case number C 07-04452 SBA (PR) on the attached application. Plaintiff shall file his completed application within **thirty (30) days** of the date of this Order.

The Clerk shall send Plaintiff a blank non-prisoner IFP application form along with a copy of this Order.

The Court reminds Plaintiff it is his responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address by filing a separate paper captioned

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

"Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**Failure to file a completed non-prisoner IFP application form as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice**.

IT IS SO ORDERED.

DATED: 3/4/09

                                            _Saundra B Armstrong_
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARLOS ALBERTO PAREDES,

        Plaintiff,

v.

CITY OF NOVATO POLICE DEPARTMENT
et al,

        Defendant.

Case Number: CV07-04452 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos Alberto Paredes
1068 Bel Marin Keys Blvd.
Novato, CA 94949

Dated: March 5, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Paredes4452.NPIFP.frm        4